MARGARET J. DeMOTT ET UX., v. WALTER E. KNOWLTON ET UX.

Decided March 24, 1924.

Negligence—Motor Vehicle Accident—Injury to Pedestrian—Liability of Owner for Negligence of Wife—Evidence of Negligence in Defendant's Wife's Testimony—No Different Degree of Care to be Used by Woman for That Required of Man.

On appeal from the Bergen Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the appellants, *Edward A. Markley.*

For the respondents, *Wendell J. Wright.*

PER CURIAM.

This suit was instituted to recover compensation for personal injuries received by Mrs. DeMott The case made by the plaintiffs was that while Mrs. DeMott was walking along the sidewalk on Washington avenue, in the borough of Tenafly, she was run down and injured by an automobile owned by the defendant Walter E. Knowlton and driven by

his wife. The trial resulted in a verdict in favor of the plaintiffs; a rule to show cause was allowed, reserving exceptions, and the case is now before us on the exceptions reserved.

The first ground of reversal urged before us is that the trial court should have directed a nonsuit or ordered a verdict in favor of the defendant Walter E. Knowlton, because of the fact that there was no evidence that his wife was at the time of the accident acting as the agent and servant of her husband. We think this contention is unsound. There was proof that the car was purchased by him for the purpose of being used by the family for recreation and pleasure, for the enjoyment of Mrs. Knowlton and for the taking of the children out to give them sunshine and air. At the time of the accident Mrs. Knowlton had taken the car out, with the children in it, and had paid a visit to a friend, and was returning home when the accident occurred. These facts bring the case within the doctrine laid down in *Missell* v. *Hayes*, 86 *N. J. L.* 348, and makes the question of agency one for the determination of the jury.

The next ground of reversal is that a verdict should have been directed in favor of the defendants because of the entire absence of proof of negligence on the part of Mrs. Knowlton, which was the producing cause of the accident. But this contention is based upon a misapprehension of fact. Mrs. Knowlton on her cross-examination was asked about a conversation which she had had with Mr. DeMott relating to this accident, and this question was put to her: "*Q.* Do you remember telling him that it was all your fault?" "*A.* Surely, I think it was all my fault." "*Q.* I see." "*A.* How could I think it was Mrs. DeMott's fault. Surely, it was all my fault. I took the blame entirely on myself." With this admission in the case, it would have been clear error for the trial court to have directed a verdict in favor of the defendants upon the ground suggested.

Another ground of reversal is directed at the refusal to charge the following request: "Mrs. Knowlton was only

required to use that degree of care that an ordinary, reasonable, prudent woman would use under similar circumstances." The pith of this request seems to be that a different degree of care is required on the part of a woman from that which would be required on the part of a man. But this, of course, is not so. The law recognizes no difference between the degree of care to be used by a woman and that to be used by a man under the same circumstances.

It is further urged that the trial court erred in refusing to charge certain other requests submitted by the defendants bearing upon the question of the negligence of Mrs. Knowlton. Most of those requests were charged in effect. Those that were not so charged were properly refused.

Other reasons for reversal are specified in the grounds of appeal, but are merely formally argued. They are manifestly without merit and do not justify discussion by us.